# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE MENDOZA, | ) Case No. CV 19-9741-FMO (JPR) |
| Plaintiff, | ) ORDER ACCEPTING FINDINGS AND |
| v. | ) RECOMMENDATIONS OF U.S. |
| | ) MAGISTRATE JUDGE |
| UBER TECHNOLOGIES INC., | ) |
| Defendant. | ) |

The Court has reviewed the Complaint, records on file, and Report and Recommendation of U.S. Magistrate Judge. See 28 U.S.C. § 636. On April 10, 2020, Plaintiff filed objections to the R. & R.; Defendant responded on April 27. Plaintiff's objections mostly either repeat arguments he made in his opposition to the motion to compel arbitration or improperly raise entirely new arguments. None of his objections undermine the reasoning of the R. & R.

Plaintiff first argues that his agreement with Uber was a "contract of employment." (See Objs. at 3-5.) But the Magistrate Judge did not reach that issue (see R. & R. at 9), and this Court sees no need to either. Plaintiff then raises new arguments about why he qualifies as a "worker" "engaged in

1 | interstate commerce" under the narrow exception to the Federal
2 | Arbitration Act, 9 U.S.C. § 1, citing regulations pertaining to
3 | other areas of law.  (See Objs. at 5-7.)  None of that undermines
4 | the authority cited by the Magistrate Judge (and Defendants, see
5 | Resp. at 3-9) holding that because Plaintiff neither crossed
6 | state lines nor transported goods in his work as an Uber driver,
7 | his business did not involve interstate commerce.  (See R. & R.
8 | at 7-9.)

9 |     Plaintiff then proceeds to challenge — again, for the first
10 | time — the delegation provision in his arbitration agreements
11 | with Uber, claiming that it's unconscionable.  (Objs. at 8-12.)
12 | But the Ninth Circuit has already rejected that argument as to
13 | essentially identical provisions, from Uber's contracts of 2013
14 | and 2014 as opposed to the 2014 and 2015 agreements at issue
15 | here.  See Mohamed v. Uber Techs., Inc., 848 F.3d 1201, 1207-08
16 | (9th Cir. 2016) (as amended) ("Neither delegation provision was
17 | unconscionable.").  Nothing Plaintiff says in his Objections
18 | provides any reason for this Court not to find itself bound by
19 | Mohamed; indeed, he doesn't even mention that case.

20 |     Finally, Plaintiff for the first time asks that the Court
21 | allow him to conduct discovery into whether he qualifies as a
22 | worker in interstate commerce.  (Objs. at 12-14.)  But he has not
23 | pointed to any facts that are in dispute: he acknowledges that he
24 | has never transported anyone across state lines and does not
25 | transport goods.  (Id. at 5-8.)  Moreover, this is not a class
26 | action, so only facts pertaining to Plaintiff matter.  No
27 | information needs to be discovered to decide Defendant's motion.
28

Having reviewed de novo those portions of the R. & R. to which Objections have been filed, the Court accepts the findings and recommendations of the Magistrate Judge. It therefore is ORDERED that:

1. Defendant's motion to compel arbitration and for a stay is GRANTED.

2. No later than five days from the date of this order, Defendant's counsel must provide Plaintiff with detailed written instructions on what he needs to do to initiate the arbitration process. The instructions must be accompanied by all the forms he needs to initiate and complete the arbitration process. Defendant must file proof of service of the arbitration instructions no later than seven days from the date of this order.

3. This action is STAYED pending resolution of the arbitration proceedings. The Clerk is directed to administratively close the case. See Dees v. Billy, 394 F.3d 1290, 1293-94 (9th Cir. 2005).

DATED: May 4, 2020                    /s/
                              FERNANDO M. OLGUIN
                              U.S. DISTRICT JUDGE